38937.   HUDGINS v. NELMS, Administratrix.

<span style="font-variant: small-caps;">Decided</span> <span style="font-variant: small-caps;">June</span> 19, 1961.

*Carl T. Hudgins,* for plaintiffs in error.
*Saul Blau,* contra.

EBERHARDT, Judge. Defendant in error filed a motion to dismiss the bill of exceptions on the ground that there was no final judgment in the trial court from which to appeal. The motion is without merit. If the motion to vacate the judgment had been stricken, as contended for by plaintiff in error, it would have been an end to the matter, and a judgment overruling the motion to strike the motion to vacate is in the same category as the overruling of a general demurrer to a petition.

Since the note did not specify the rate of interest or the date from which it was to run it must be calculated at seven percent per annum from maturity. Applying this rule and giving full effect to plaintiff's contention that the payments were to be applied against interest first, then to principal, and that the additional loan was to increase the principal of the note as of the date it was made, it is apparent from the face of the petition and the exhibit attached that the balance due on February 24, 1961, when judgment was entered, would amount to $481.11 principal, besides $197.11 interest. It does not appear that plaintiff wrote off or offered to write off the excess amount. While plaintiff might, if he chose, waive or reduce the amount of principal claimed, he could not claim interest beyond that which he is entitled to have by law, and any judgment entered for an excessive amount, remaining in the breast of the court during the term at which it was rendered, not only could, but ought to have been vacated as was done here.

Nor was there any abuse of discretion in vacating the order striking defendant's answer and plea of non est factum and permitting an amendment so as to bring it in compliance with the provisions of *Code* §§ 20-801, 24-3373 and 81-405.

*Judgment affirmed.   Carlisle, P.J., and Nichols, J., concur.*